**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114888

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cindy Barrios, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAS LaVrar, LLC and Cavalry SPV I, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cindy Barrios, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RAS LaVrar, LLC and Cavalry SPV I, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Cindy Barrios is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant RAS LaVrar, LLC, is a Florida Limited Liability Company with a principal place of business in Broward County, Florida.

8. On information and belief, Defendant Cavalry SPV I, LLC, is a foreign Limited Liability Company with a principal place of business in Westchester County, New York.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, Defendant Cavalry SPV I, LLC, retained Defendant RAS LaVrar, LLC, to attempt to collect the Debt.

15. Defendant Cavalry SPV I, LLC, a debt collector, is vicariously liable for the actions of Defendant RAS LaVrar, LLC, a law firm debt collector.

16. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated January 30, 2018. (**"Exhibit 1."**)

17. The letter was the initial communication Plaintiff received from Defendants.

18. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. 15 U.S.C. § 1692e prohibits a debt collector form using any false, deceptive, or misleading representations in connection with the collection of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

21. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

22. The Letter is on the letterhead of Defendant RAS LaVrar, LLC, a law firm.

23. The Letter states, "Our law firm is attempting to collect a debt that is owed to Cavalry SPV I, LLC."

24. The Letter's signature block states "RAS LaVrar, LLC," but is unsigned.

25. The Letter identifies Defendant RAS LaVrar, LLC as a debt collector.

26. Defendant RAS LaVrar, LLC was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

27. The FDCPA prohibits a debt collector from sending a letter, such as the subject Letter herein, if such letter misleads the consumer regarding "meaningful attorney involvement" in the debt collection process.

28. A letter, such as the subject Letter herein, does not mislead a consumer regarding "meaningful attorney involvement" in the debt collection process so long as that letter includes a disclaimer, such as the following: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

29. The Letter contains no such disclaimer.

30. Because the Letter states that it is from a law firm, and because the Letter contains no disclaimer as to "meaningful attorney involvement," the least sophisticated consumer would likely believe that one or more attorneys have been personally involved in the day-to-day collection of Plaintiff's debt.

31. The least sophisticated consumer would likely be deceived by Defendant's conduct.

32. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

33. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

34. Defendant has violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation in its attempt to collect the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**CLASS ALLEGATIONS**

35. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants, acting as debt collectors, attempted to collect a consumer debt using the letterhead of Defendant RAS LaVrar, LLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement, from one year before the date of this Complaint to the present.

36. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

37. Defendants regularly engage in debt collection.

38. The Class consists of more than 35 persons from whom Defendants, acting as debt collectors, attempted to collect delinquent consumer debts using the letterhead of Defendant RAS LaVrar, LLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement.

39. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

41. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: February 14, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114888

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530